UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| E.K., a minor, by and through Next Friend, KRISTEN KLEINHEIDER, <br><br>  Plaintiff, <br>v. <br><br>NEW HAVEN SCHOOL DISTRICT #138, et al., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:23-cv-01104-SEP

## MEMORANDUM & ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement of Minor's Claim and Authority to Execute Release, Doc. [36] and Plaintiff's Consent Motion for Leave to File Settlement Agreement Under Seal, Doc. [34]. For the reasons set forth below, the parties' Joint Motion for Approval of Settlement is granted, Doc. [36], and Plaintiff's Motion for Leave to File Under Seal, Doc. [34], is granted in part.

### FACTS AND BACKGROUND

The facts alleged by Plaintiff are as follows: E.K. is a minor child with a disability who resides with his parents in Franklin County, Missouri. Kristen Kleinheider is E.K.'s mother and his Next Friend in this action.[1] During the 2021-2022 school year, E.K. attended New Haven Elementary School in New Haven School District #138. Plaintiff alleges that the District violated § 504 of the Rehabilitation Act and Americans with Disabilities Act and that Defendant Linton committed the state law torts of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. *See* Doc. [4].

The parties settled this action on May 6, 2024, Doc. [29], and now move for approval of the settlement. *See* Doc. [36]. Defendants deny the allegations in the Complaint, and the parties dispute "both the legal liability of the District and Defendant Linton and the nature and extent of any injuries sustained by Plaintiff." *Id*. ¶¶ 3-4.

---

[1] "E.K's father, Joshua Kleinheider, though not a party in the case, has participated fully and agrees with the outcome of this matter." Doc. [36] ¶ 8.

1

**LEGAL STANDARD**

"Federal law looks to state law for the standard governing the approval of a minor settlement." *Elmore v. Mansfield*, 2013 WL 2666167, at *1 (W.D. Mo. June 12, 2013) (citing *M.E. v. United States*, 2006 WL 1556794, at *1 (E.D. Mo. June 1, 2006)). In Missouri, Mo. Rev. Stat. § 507.184 contains the requirements for settlement of a minor's claims. *See Y.W. ex rel. Smith v. Nat'l Super Mkts., Inc.*, 876 S.W.2d 785, 787 (Mo. Ct. App. 1994). The statute intends "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child." *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. Ct. App. 1999). In reviewing a proposed settlement, a court must keep in mind that minors are considered wards of the court, and their rights must be "jealously guarded as provided by statute." *Y.W.*, 876 S.W.2d at 788 (quoting *Morgan v. Morgan*, 289 S.W.2d 151, 153 (Mo. Ct. App. 1956).

"A lawsuit by a person who is not yet eighteen-years-old may be settled only by a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem." *Elmore*, 2013 WL 2666167, at *1 (citing Mo. Rev. Stat. §§ 507.110, 507.115). "The settlement is not effective until approved by the Court." *Hartman v. New Madrid Cnty. R-1 Sch. Dist.*, 2021 WL 296830, at *2 (E.D. Mo. Jan. 28, 2021) (citing Mo. Rev. Stat. § 507.184(2)). The minor's representative also has "the power and authority to execute and sign a release or satisfaction and discharge of a judgment," which is binding on the minor so long as the Court orders its execution. Mo. Rev. Stat. § 507.184(2). The Court has the power "to hear evidence on and either approve or disapprove" a proposed settlement; to "authorize and order" the minor's representative "to execute and sign a release or satisfaction and discharge of judgment"; and to "approve a fee contract" between the representative and an attorney to pay attorneys' fees and expenses "reasonably incurred in connection with the preparation and prosecution of the action or claim." Mo. Rev. Stat. § 507.184(3).

**DISCUSSION**

The Court has reviewed the terms of the Settlement Agreement and Release and the affidavit submitted by Kristen Kleinheider. Docs. [35-1], [36-2]. The Court finds that Kristen Kleinheider has the authority to execute the Settlement Agreement and Release on behalf of minor E.K., and that the terms and conditions of the settlement are reasonable and in the best interests of E.K. Ms. Kleinheider has conferred with counsel about the terms of the agreement.

Doc. [36-2] ¶ 6. She states that she understands the terms of the agreement and acknowledges that she is relinquishing her right to a trial in this matter. *Id*. ¶¶ 6-7. She states that she believes the terms of the agreement are fair, reasonable, and in E.K.'s best interest. *Id*. ¶ 8. As part of the settlement and "[o]n advice of elder law counsel and without objection from Defendants," Ms. Kleinheider will receive an initial lump-sum distribution. *Id*. ¶ 11. She "promise[s] to manage the funds appropriately and use them in the best interest of E.K. and our family." *Id*. The remaining funds will be "deposited into the [E.K.] Special Needs Trust, and all funds with be used solely for [E.K.'s] benefit." *Id*. ¶ 12.

The Court also finds that the requested attorneys' fees and expenses are reasonable under the circumstances. Plaintiff's counsel received one-third of the overall settlement amount. That is consistent with other contingency fee rates, and Ms. Kleinheider states in her affidavit that she believes the fee is "fair and reasonable in light of [counsel's] efforts in this case." *Id*. ¶ 10.

## SEALING

Plaintiff also filed a Consent Motion for Leave to File Settlement Agreement Under Seal, Doc. [34]. Plaintiff seeks to have the Settlement Agreement filed under seal because the "settlement terms and amounts reflected therein resulted from good-faith negotiation between attorneys for each party after a mediation proceeding that was private and confidential," and confidentiality "is a material term of the agreement, and settlement may not have been achieved but for the confidentiality agreement." Doc. [35] at 2. Additionally, the Settlement Agreement contains "information that would identify a disabled minor child and sensitive financial information relating to the disabled minor child." *Id*.

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id*. at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and

3

[the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Good cause exists to keep the settlement amount and apportionment information under seal. "[W]hen the substantial benefits of the settlements are balanced against the harm of sealing the documents from public view . . . the interests of justice weigh in favor of . . . allowing [the parties' settlement agreement] to remain filed under seal." *Williams v. BPV Mkt. Place Invs., L.L.C.*, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014). The Settlement Agreement, effected through mediation, might not have been achieved if the parties had believed that the terms would become public. The alternative dispute resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept confidential. The public has an interest in encouraging settlements, which require fewer public resources than litigation.

Moreover, filings already available on the docket, such as the Complaint, Doc. [4], Answer, Doc. [8], and Joint Motion for Approval of Settlement of Minor's Claim and Authority to Execute Release, Doc. [36], provide the public with enough information to understand the nature of Plaintiff's claims and Defendants' responses. That publicly available information allows the public to monitor the Court's work and understand why it approved the settlement.

Plaintiff already filed a redacted version of the Settlement Agreement on the public docket. Doc. [38]. Plaintiff redacted (1) the overall settlement amount, (2) the settlement allocation, (3) E.K.'s full name, and (4) details about payment to the mediator. *Id*. at 1-2. Absent compelling reasons extending to other terms, the Court has generally limited sealing to the settlement amount and terms of allocation. *See Hanna v. Sunrise Senior Living Mgmt., Inc.*, 2022 WL 2867069, at *2 (E.D. Mo. July 21, 2022) ("[T]he parties have minimized any intrusion upon the public's interest in transparency by asking to seal only the amount of their settlement. All other terms of the agreement remain accessible on the public docket."); *see also Harmon v. Preferred Fam. Healthcare, Inc.*, No. 2:21-cv-00026-SEP (E.D. Mo. June 23, 2023), Doc. [112]; *Bradley v. Bridgeton Operations, LLC*, No. 4:22-cv-00189-SEP (E.D. Mo. Feb. 6, 2023), Doc. [49]. When the settlement involves a minor, it is also appropriate to seal the minor's name and other personal identifying information. The Court sees no basis for departing from that practice here. Therefore, the parties must file either a new copy of the Settlement Agreement redacting only E.K.'s name and those terms from which the total settlement amount could be deduced *or* a

4

renewed motion for sealing that provides compelling reasons for sealing every term of the agreement.[2]

The public has a significant interest in knowing how much of the settlement is apportioned for attorneys' fees, while the parties' interests in keeping that information private are less substantial. Courts must regularly assess the fairness of attorneys' fee arrangements, which would be made considerably more difficult if such apportionments were routinely kept under seal. Ms. Kleinheider's affidavit explains that one-third of the total settlement amount is going to attorney's fees and expenses, without disclosing the total settlement amount itself. *See* Doc. [36-2] ¶ 9. That is sufficient to allow the public to assess the fairness of the fee without undermining confidentiality.

One additional note on redactions. The sealing motion requests to seal only the Settlement Agreement itself. The parties have not asked to seal anything in the Joint Motion for Approval of Settlement of Minor's Claim and Authority to Execute Release or supporting attachments. But Kristen Kleinheider's affidavit includes many of the details that the parties sought to seal in the Settlement Agreement, including the settlement amount, the apportionment, and E.K.'s full name. Within seven days of the date of this Order, Plaintiff must withdraw Doc. [36-2], refile the affidavit under seal, and then submit a redacted version for the public docket. Plaintiff must redact E.K.'s name and may redact dollar amounts to the extent allowed above with respect to the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, the Court finds that the proposed Settlement Agreement is fair, reasonable, and in the best interest of E.K. Therefore, the Court approves the parties' Settlement Agreement and Release in its entirety. Defendants will direct the amounts of the settlement proceeds as set forth in the Settlement Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement of Minor's Claim and Authority to Execute Release, Doc. [36], is **GRANTED**, and the Court hereby approves as fair, reasonable, and in the best interest of the minor the Settlement Agreement and Release Agreement attached to the Motion as Exhibit 1, Doc. [36-1].

---

[2] The parties failed to redact E.K.'s name on page 4 of the Settlement Agreement. The revised redactions should also fix that oversight.

5

**IT IS FURTHER ORDERED** that Defendants must tender the full settlement amounts and attorneys' fees in accordance with the Settlement Agreement attached to the Motion as Exhibit 1, Doc. [36-1].

**IT IS FURTHER ORDERED** that Plaintiff's Consent Motion for Leave to File Settlement Agreement Under Seal, Doc. [34], is **GRANTED** in part. The parties must file either a new copy of the Settlement Agreement redacting only E.K.'s name and those terms from which the total settlement amount could be deduced or a renewed motion for sealing that provides compelling reasons for sealing every term of the agreement.

**IT IS FURTHER ORDERED** that within seven days of the date of this Order, Plaintiff must withdraw Doc. [36-2], refile the affidavit under seal, and then submit a redacted version for the public docket. Plaintiff must redact E.K.'s name and may redact dollar amounts to the extent allowed above with respect to the Settlement Agreement.

**IT IS FINALLY ORDERED** that Plaintiff must file a stipulation for dismissal or leave to voluntarily dismiss the action within 10 days after receipt of the funds in accordance with the Settlement Agreement, Doc. [36-1].

Dated this 18th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE